UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JLL PROPERTIES LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:21-CV-111-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TIMOTHY WARD et al., | ) |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the notice of removal filed by Defendants Timothy and Carrie Ward of a state court action in the Hardin District Court, Hardin County, Kentucky. [R. 1] The case which has been removed, Case No. 21-C-00002, was filed by JLL Properties, LLC on the Commonwealth of Kentucky's complaint form for a forcible detainer. [R. 1-1] According to the notice of removal and attachments thereto, the Wards were tenants of a townhome owned by JLL Properties, LLC, which filed the forcible detainer action alleging that the Wards had falsified information on the rental application with regard to prior evictions and therefore are unlawfully and forcibly detaining the premises after refusing to comply with a written notice to vacate. *Id.*

"[F]ederal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state-court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal-question jurisdiction." Second, pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject-matter jurisdiction is removed to this Court, "the case shall be remanded[,]" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Additionally, removal statutes must be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In order to determine whether the case arises under federal law, a court looks only at the complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Tr.*, 491 F.3d 320, 325 (6th Cir. 2007). "If the

complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state-law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

First, diversity jurisdiction does not exist in this case because the parties are citizens of Kentucky. [R. 1-2] Further, the complaint in the instant action does not contain any question of federal law. "Landlord-tenant disputes and eviction actions are typically state law claims." *Westfield Club v. Dominique*, No. 1:07-cv-671, 2007 WL 2904051, at *4 (W.D. Mich. Oct. 1, 2007) (citing *Home Loan Ctr. v. Thompkins*, No. 06-10379, 2006 WL 335707 (E.D. Mich. Feb. 14, 2006)); *see also United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve questions of state law).

The notice of removal in this case states that the reason for removal is JLL Properties, LLC's alleged violation of the Centers for Disease Control and Prevention's eviction moratorium and the eviction moratorium ordered by the Governor of Kentucky. [R. 1-2, p.2] The notice of removal states that the Wards are financially hurt by the COVID-19 pandemic and cannot afford

to pay the rent. *Id.* However, that is not the reason given for the forcible detainer, according to the "Verification of Compliance with CARES Act"[1] form attached to the state-court complaint. [R. 1-1, pp. 3–4] That document indicates that the property is a "'covered dwelling' under Section 4024 of the CARES Act; however, this eviction action is for a reason(s) other than nonpayment of rent or fees, penalties, or other charges related to nonpayment of rent." *Id.* Moreover, Defendants' attempt to raise federal issues pursuant to the CARES Act simply does not create federal jurisdiction because they are merely claiming a "'substantive federal defense to a state-law claim [which does] not raise a federal question.'" *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also Caterpillar Inc.*, 482 U.S. at 393.

In sum, the Court does not have subject matter jurisdiction over this suit. Consequently, the Court will dismiss the notice of removal and summarily remand the action to the Hardin District Court pursuant to 28 U.S.C. § 1447(c) by separate Order.

Date: March 1, 2021.

*signature*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc     Defendants, *pro se*
         Counsel of record
         Hardin Circuit Court
A958.009

---

[1] "CARES Act" refers to the federal Coronavirus Aid, Relief, and Economic Security Act.